UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **BENJAMIN TAMEZ AND MYRNA GOMEZ,** § § § | |
| **Plaintiffs,** § § | |
| v. § | CIVIL ACTION NO.: _____ |
| § | |
| **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,** § § § | |
| **Defendant.** § | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Allstate Vehicle and Property Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a) and shows as follows:

### I. INTRODUCTION

1. This is an insurance coverage and bad faith case. On March 3, 2021, Plaintiffs filed their Original Petition in Cause No. C-0811-21-J in the 430th Judicial District Court of Hidalgo County, Texas, initiating a civil cause of action against Defendant. Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant Allstate. Former Defendant Marvin Amos, included in Plaintiffs' Original Petition, has now been dismissed with prejudice. Exhibit H. Therefore, his citizenship is irrelevant and should be disregarded.

3. Plaintiffs allege multiple causes of action against Defendant related to its handling of a property insurance claim submitted by Plaintiffs. Plaintiffs specifically allege breach of contract; non-compliance with Chapter 542 of the Texas Insurance Code; non-compliance with Chapter 541

of the Texas Insurance Code; breach of the duty of good faith and fair dealing; and violations of the Deceptive Trade Practices Act. Plaintiffs further allege that Defendant's conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4. Allstate received the Citation and Plaintiffs' Original Petition by process server on or about March 9, 2021. Allstate filed its Original Answer to Plaintiffs' Original Petition on March 26, 2021. Exhibit F. Also on March 26, 2021, Allstate filed its Written Notice of Election of Legal Responsibility for Agent. Exhibit G. At the time of this filing, Amos is dismissed with prejudice. Exhibit H. Amos never filed an answer or otherwise appeared in this case.

5. Allstate now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Hidalgo County state court in which this case was previously pending.

## II.    GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the viable parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete Diversity Exists Between the Viable Parties.

7. According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiffs were, and still are, domiciled in Hidalgo County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless

rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiffs are Texas citizens.

8. Allstate is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Allstate is now, and was at the time this action was commenced, a citizen of the State of Illinois.

9. Former Defendant Amos has already been dismissed with prejudice. Exhibit H. Therefore, his citizenship is irrelevant and should be disregarded.

### B.  The Amount in Controversy Exceeds $75,000.

10. Additionally, the claims asserted by Plaintiffs exceed $75,000. Plaintiffs seek "only monetary relief of $250,000.00 or less, excluding interest [sic] statutory or punitive damages and penalties, and attorney fees and costs." Exhibit C at ¶ 86. Thus, should Plaintiffs prevail on their claims herein, the damages potentially to be awarded exceed $75,000 on their face.

### III.  VENUE

11. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 430th Judicial District Court of Hidalgo County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

### IV.  PROCEDURAL REQUIREMENTS

12. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket sheet in the state court action |

| EXHIBIT | DESCRIPTION |
|---|---|
| C. | Plaintiffs' Original Petition filed on March 3, 2021 |
| D. | Citation issued to Allstate on March 3, 2021 |
| E. | Citation issued to Marvin Amos on March 3, 2021 |
| F. | Defendant Allstate's Original Answer to Plaintiffs' Original Petition filed on March 26, 2021 |
| G. | Defendant Allstate's Written Notice of Election of Legal Responsibility for Agent filed March 26, 2021 |
| H. | Order of Dismissal with Prejudice as to Defendant Marvin Amos entered March 26, 2021 |
| I. | List of Counsel of Record |

13. This Notice of Removal is being filed within 30 days of service of the citation and Plaintiffs' Original Petition, and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and Allstate with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

14. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

16. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 430th Judicial District Court of Hidalgo County, Texas promptly after filing of same.

## V. CONCLUSION

17. Allstate respectfully requests that the above-captioned action now pending in 430th Judicial District Court of Hidalgo County, Texas be removed to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
ATTORNEY-IN-CHARGE
State Bar No. 24040854
Southern District No. 1804016
susan.egeland@faegredrinker.com
SARA E. INMAN
State Bar No. 24073098
Southern District No. 3008974
sara.inman@faegredrinker.com

FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on April 5, 2021.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND